IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00170-PAB

BRODERICK VANDELL JALLOH,

    Petitioner,

v.

DEPARTMENT OF DEFENSE,

    Respondent.

---

**ORDER OF DISMISSAL**

---

This matter is before the Court on petitioner's response [Docket No. 8] to the Court's order to show cause [Docket No. 7] why this matter should not be dismissed for failure to comply with the procedural requirements of the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 *et seq.*

Petitioner initiated this action on January 20, 2012 by filing a Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 [Docket No. 1], which challenges respondent's attempt to obtain certain bank records of petitioner. The RFPA governs situations under which the government is permitted to access an individual's bank records. *See* 12 U.S.C. § 3402. On March 2, 2012, respondent filed a status report, which attached a declaration that the Department of Defense served plaintiff on January 4, 2012 with a copy of a subpoena directed to the Custodian of Records of Wells Fargo Bank. *See* Docket No. 6 at 1, ¶ 2.

Petitioner's "ability to challenge a subpoena [pursuant to the RFPA] is cabined by

strict procedural requirements." *Securities and Exchange Commission v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984). A challenge to the government's attempt to access bank records under the RFPA must be asserted "[w]ithin ten days of service or within fourteen days of mailing of a subp[o]ena, summons, or formal written request." 12 U.S.C. § 3410(a). Moreover, plaintiff's motion must be served on the government within the same time period "by delivering or mailing by registered or certified mail." *Id.* ("For the purposes of this section, 'delivery' has the meaning stated in rule 5(b) of the Federal Rules of Civil Procedure."); *see* Fed. R. Civ. P. 5(b).

In the order to show cause, the Court pointed out that a January 20, 2012 filing would be untimely and that respondent contends that it has not been served with petitioner's challenge. In his response, petitioner describes the circumstances surrounding his attempt to timely file his challenge, *see* Docket No. 8 at 1, which the Court construes as a request to toll the time period. Petitioner, however, does not dispute respondent's contention that he never served respondent within the required time period.[1] *See generally* Docket No. 8; *see Colorado Property Acquisitions, Inc. v. United States*, 894 F.2d 1173, 1175 (10th Cir. 1990) (interpreting a similar notice provision of the Internal Revenue Code to be a "statutory requirement [that] must be met in order to effect a valid notice" even where respondent received actual notice); *see*

---

[1] The Court has identified no authority for the proposition that this "strict procedural requirement[]," *Jerry T. O'Brien, Inc.*, 467 U.S. at 745, may be tolled. Even assuming it can be, however, the reason plaintiff offers for filing his challenge on January 20, 2012, i.e., that his challenge was returned by the Court for failure to pay the filing fee, is irrelevant to his failure to serve respondent. In any event, tolling the period until January 20, 2012 would not save plaintiff's challenge seeing as he failed to serve respondent by that date. In fact, there is no indication that respondent has ever been served.

*also Clark v. Inspector General of the U.S. Dep't of Agriculture*, 944 F. Supp. 818, 819-20 (D. Or. 1996) (applying the reasoning of *Colorado Property Acquisitions* to the RFPA context and dismissing the challenge where petitioner provided notice via regular mail). Petitioner thus has not complied with the procedural requirements of the RFPA. *See Clark*, 944 F. Supp. at 820; *Giorgi v. McLaughlin*, 1988 WL 9252, at *1 (N.D.N.Y. Jan. 25, 1988) (concluding that failure to comply with the RFPA procedural requirements was a "sufficient basis for the Court to deny petitioner's motion"). Because petitioner failed to show cause why this matter should not be dismissed for failure to comply with the procedural requirements of the Right to Financial Privacy Act, it is

**ORDERED** that petitioner's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 [Docket No. 1] is DENIED and this case is closed in its entirety.

DATED March 30, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge